IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER R. WINDISH** | : | |
| | : | CIVIL ACTION |
| | : | No. 20-cv-5942 |
| v. | : | |
| | : | |
| **BUCKINGHAM TOWNSHIP** | : | |

**McHUGH, J.**                                                                                    February 11, 2021

### MEMORANDUM

Plaintiff Christopher Windish alleges he was discriminated against and retaliated against in violation of the Americans with Disabilities Act (ADA). Defendant Buckingham Township has filed a Motion to Dismiss.[1] For the reasons that follow, its motion will be denied.

Mr. Windish worked as a police officer in Buckingham Township from 1997 until January 2020. *See* Compl. ¶ 17, ECF 1. Plaintiff suffers from chronic psoriasis. *Id.* ¶18. Psoriasis is a "skin disease that causes red, itchy scaly patches." Mayo Clinic, *Psoriasis Overview*.[2] It is a "long-term (chronic) disease with no cure. It tends to go through cycles, flaring for a few weeks or months, then subsiding for a while or going into remission." *Id.* In 2000, the police chief granted Plaintiff an accommodation due to his psoriasis and he was permitted to wear his vest outside his uniform rather than inside. *Id.* ¶ 20. Defendant hired a new chief of police in 2017, and Plaintiff renewed his request for an accommodation. *Id.* ¶¶ 23-28. In sum, Plaintiff alleges that although the accommodation was initially granted, he began to be discriminated against by the chief and others because of his psoriasis— he was told that he could no longer wear his vest outside his

---

[1] In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

[2] Available at https://www.mayoclinic.org/diseases-conditions/psoriasis/symptoms-causes/syc-20355840

1

uniform, was forced to wear it inside his uniform which caused a psoriasis breakout, and was mocked for his condition. *Id.* ¶¶ 29- 75. Plaintiff was terminated in 2020, on grounds he claims were pretextual, disguising the fact that he was being retaliated against because of his request for an accommodation. *Id.* ¶¶ 191-198.

**Discrimination**

To establish a prima facie case of discrimination under the ADA, the plaintiff must show "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quotations omitted).

The Township first argues that, as a matter of law, psoriasis cannot be considered a disability under the ADA. No such categorical rule exists, and the authority cited by Defendant does not support the broad position it advances. Whether an impairment qualifies as a disability under the ADA is a fact-specific inquiry that will depend on whether the impairment "substantially limits one or more major life activity of such individual." 42 U.S.C. § 12102(1)(A); *see Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (listing factors relevant to determining whether an impairment is a disability); *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 513 n.5 (3d Cir. 2001) ("[I]t is well-established that a particular diagnosis . . . standing alone, is not sufficient to establish 'disability.' Rather, the inquiry as to disability is to be made on a case-by-case basis.") (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 556 (1999)). As such, it is generally not appropriate for resolution through a Motion to Dismiss.

**Retaliation**

To state a claim for retaliation under the Americans with Disabilities Act (ADA), an employee must show that he (1) engaged in a protected activity; (2) the employer took adverse action; and (3) a causal connection. *Fogleman v. Mercy Hosp.,* 283 F.3d 561, 567–68 (3d Cir.2002) (quotations omitted).

The Township argues that Plaintiff cannot succeed on his claim because too much time passed between the protected activity (seeking an accommodation under the ADA) and the purported retaliation, such that he cannot show a causal connection. Again, Defendant attempts to create a categorical rule where none exists. Although temporal proximity between events may be indicative of causation, it is generally not conclusive on its own; conversely, the lack of temporal proximity does not create a *per se* bar to recovery. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997) ("When temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus."). This is also a fact-specific inquiry and given that Plaintiff has alleged ongoing retaliatory actions throughout the relevant time period, it is not a suitable ground for dismissal at this stage. *See Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 268 (3d Cir. 2007) (upholding district court's finding that no causation was shown after cross-motions for summary judgment and after the court had "reviewed the record as a whole."); *Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n.*, 503 F.3d 217, 232 (3d Cir. 2007) ("Where the temporal proximity is not 'unusually suggestive,' we ask whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference.'").

4

Accordingly, Defendant's Motion is denied. An appropriate order follows.

/s/ Gerald Austin McHugh  
United States District Judge

4